STATE v. SAMUEL E. RENNER.

Argued November 12, 1906—Decided November 22, 1906.

1. In an indictment under the act of 1898 relating to libels (*Pamph. L., p.* 476); it is essential to charge that the matter is libelous and untrue in fact.
2. An indictment which charges that the defendant willfully deliv-ered and transmitted to the publisher of a newspaper for publi-cation a libelous statement, untrue in fact, in the following words: "To whom it may concern: Public notice is hereby given that the undersigned intends to apply to the legislature of the State of New Jersey, now in session at the capitol, in the city

of Trenton, N. J., for 'the passage of an act or bill, the general object of which will be the consolidation of the borough of Fairview, in the county of Bergen, with the borough of Cliffside, in the county of Bergen, into one municipality, to be known as the borough of Fairview, and to be governed under the general laws concerning boroughs now in force in New Jersey. Dated February 23d, 1906. George E. Dods, August E. Neumann," fails to charge a crime in the absence of any averment of circumstances which would make the publication libelous and of any innuendoes of a defamatory meaning.

On motion to quash indictment.

Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

For the motion, *J. Emil Walscheid.*

*Contra, Ernest Koester.*

The opinion of the court was delivered by

SWAYZE, J. The indictment in this case has been removed into this court by *certiorari* and the defendant now moves to quash.

The charge is that the defendant willfully delivered and transmitted to the publisher of a newspaper (who is named), for publication, a libelous statement, untrue in fact, concerning August E. Neumann, in the following words:

*"To Whom It May Concern:*

"Public notice is hereby given that the undersigned intends to apply to the legislature of the State of New Jersey, now in session at the capitol, in the city of Trenton, N. J., for the passage of an act or bill, the general object of which will be the consolidation of the borough of Fairview, in the county of Bergen, with the borough of Cliffside, in the county of Bergen, into one municipality, to be known as the borough of Fairview, and to be governed under the general laws concerning boroughs now in force in New Jersey.

"Dated February 23d, 1906.

"GEORGE E. DODS,
"AUGUST E. NEUMANN,"

and that the statement was published at the instance of the defendant.

The indictment is framed under the act of 1898 relating to libels (*Pamph. L., p.* 476), which enacts, so far as is now material, that any person who willfully delivers or transmits to the publisher of a newspaper for publication therein any libelous statement, untrue in fact, and secures the actual publication of the same, is guilty of a misdemeanor.

It is essential to the crime denounced by the act that the statement should be libelous and untrue in fact. If the indictment on its face fails to show these requisites it cannot be sustained.

No special circumstances are set forth which would make the publication libelous; there are no innuendoes of any defamatory meaning to the words. We are left to find a defamatory sense from the face of the alleged publication alone. We are unable to find it. For aught we can see from this indictment, the publication of such a notice may have been a very praiseworthy act, intended only to give public notice of an application to the legislature for the enactment of a statute in the public interest.

"When that which is termed a libel does not necessarily, upon the face of it, import a libel, it is requisite to connect it with certain facts, by way of inducement, in order that, so explained, it may amount to a libel, and that there may be sufficient certainty that what is therein stated relates to the plaintiff." *State* v. *Mott,* 16 *Vroom* 494.

We are puzzled, also, by the averment that the publication is untrue in fact. The only meaning we can spell out of this averment is that the notice was never actually signed by both Dods and Neumann, but we are unable even to guess whether the pleader meant to aver that neither signed it, or that Neumann did and Dods did not, or *vice versa.*

We think the indictment on its face fails to show any crime. It is therefore quite unnecessary to consider whether the act of 1898 is constitutional.

Let the indictment be quashed.